UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DOUGLAS TRASK,                          )
                                        )
          Petitioner,                   )
                                        )
v.                                      )  Civil No. 09-481-B-W
                                        )
MAINE, STATE OF,                        )
                                        )
          Respondent                    )

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION
AND MOTION FOR PRELIMINARY INJUNCTION**

Douglas Trask has filed a 28 U.S.C. § 2254 petition and a motion for a preliminary injunction.  Trask acknowledges in his 28 U.S.C. § 2254 petition that he did not take a direct appeal and has not pursued post-conviction relief.  The State of Maine has filed a motion to dismiss without prejudice on the grounds that Trask's claims are not exhausted.

*Discussion*

Trask pled guilty to the possession of sexually explicit material of a minor.  On May 14, 2009,  he was sentenced to 30- months with all but 6-months suspended, a 2-year term of probation, and was required as one of his special conditions to comply with the Sex Offender Registration and Notification Act as a 10-year registrant.

Trask lists four federal habeas claims in his 28 U.S.C. § 2254 petition.  He claims that his attorney was ineffective for not arguing that his sentence was illegal because the 10-year registration requirement exceeds the maximum sentence imposable for a Class C offense and for not arguing that his crime did not include a victim. Trask also asserts that the sex offender registration requirement runs afoul of the prohibition on double jeopardy.  In a related claim Trask advances a denial of due process claim in association with his claim of an illegal sentence

1

and, in his reply memorandum, faults his attorney for not adequately informing him that his right

to appeal would be lost under his plea agreement and for not protecting him from the illegal

sentence (Reply Mem. at 4-5, 8).  And,  Trask includes a claim that there were violations of the

prosecution's duty to disclose exculpatory evidence as required under Brady v. Maryland, 373

U.S. 83 (1963).[1]

> Section 2254(b)(1) of title 28 provides:
>
> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears
> that--
>> **(A)** the applicant has exhausted the remedies available in the courts of the
>> State; or
>> **(B)(i)** there is an absence of available State corrective process; or
>> **(ii)** circumstances exist that render such process ineffective to protect the
>> rights of the applicant.

28 U.S.C. § 2254(b)(1).

The State of Maine explains in its motion to dismiss that Trask has until May 14, 2010, to

file a Maine Rule of Criminal Procedure 35 motion to correct any illegality in his sentence. (Mot.

Dismiss at 3.)  He has until June 4, 2010, to file a petition for State post-conviction review.  (Id.

at 3-4.)  And he would have until May 14, 2011, to file a Maine Rule of Criminal Procedure 33

motion for a new trial, assuming he had grounds to do so.[2]  Accordingly, it is the State's own

position that Trask still has time to exhaust his state remedies as to some of his current federal

claims.  While I recognize that Trask indicates that he did not exhaust his state remedies because

he did not know the procedure (Sec. 2254 Pet. at 9-10), he has now been alerted to the

procedures open to him.  There is nothing in his reply memorandum that addresses the State's

---

[1]	Neither in his § 2254 petition nor his reply does Trask identify the substance of the withheld evidence.
[2]	The State does make some argument as to what would be cognizable in which state-court proceeding.  I
offer no such reflections as it would be inappropriate for the federal court to do so in this situation.

principal argument that Trask has not complied with 28 U.SC. § 2254(b)(1) and that he still has state court remedies available to him.

It is my recommendation that the Court dismiss this 28 U.S.C. § 2254 petition without prejudice to Trask's right to return to this Court with a federal habeas petition once his state court remedies have been exhausted. It follows that the motion for a preliminary injunction should be denied because Trask has not demonstrated a right to § 2254 review of his claims at this juncture and, therefore, cannot possibly make a showing of the likelihood of success on the merits or irreparable harm. See Gonzalez-Droz v. Gonzalez-Colon, 573 F.3d 75, 79 (1st Cir. 2009) (observing that success on the merits and the potential for irreparable harm are the most important prongs of the injunctive relief showing).

### *Conclusion*

I recommend that the Court deny the motion for a preliminary injunction (Doc. No. 4) and dismiss this 28 U.S.C. § 2254 petition without prejudice.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

November 6, 2009

3